O’Donnell, J.,
dissenting.
{¶ 25} I respectfully dissent.
{¶ 26} In my view, the court should have granted oral argument in this case, because it involves a matter of great general interest. There are thousands of claimants whose employment injuries prevent them from returning to work and necessitate medical restrictions and participation in some type of light duty employment. The question concerning whether wage-loss compensation is permitted in the circumstances of this case is therefore capable of repetition; in fact, the majority’s conclusion that this ease does not involve a matter of public or great general interest is inconsistent with our decision to grant oral argument on the same issue in State ex rel. Cleveland v. Indus. Comm., 146 Ohio St.3d 1488, 2016-Ohio-5585, 57 N.E.3d 1168.
{¶ 27} More significant is the fact that the Tenth District Court of Appeals followed its own holding in State ex rel. Cleveland, 10th Dist. Franklin No. 13AP-1069, 2015-Ohio-2165, 2015 WL 3540392, when it concluded that Earles, the claimant here, is entitled to wage-loss compensation. Whether an injured employee who is prevented from working overtime for nonmedical reasons is entitled to wage-loss compensation is a question of statewide concern to employers and employees that should have been the subject of oral argument.
{¶ 28} Ohio Adm.Code 4125-1-01(A)(15) provides that any wage loss “must be the direct result of physical and/or psychiatric restriction(s) caused by the impairment that is causally related to an industrial injury or occupational disease in a claim allowed under Chapter 4123. of the Revised Code.” (Emphasis added.)
{¶ 29} Thus, the administrative rule mandates that the denial of overtime and the resulting loss of wages must directly result from medical restrictions that prevent the employee from working longer hours, and, therefore, wage-loss compensation is not available to an employee who is medically able to work overtime but who is prevented from doing so for nonmedical reasons.
{¶ 30} Here, it appears that the loss of wages is not “the direct result” of a medical restriction, but rather it seems to emanate from the terms of the collective bargaining agreement that prohibit overtime for those assigned to light duty outside of their own job classification even if the employee’s medical *218 restrictions allow the employee to work additional hours. But for the collective bargaining agreement negotiated by her union and but for her assignment to light duty outside her job classification, Earles would be permitted to work overtime. Thus, arguably, the loss of overtime wages is not the direct result of a restriction caused by a physical impairment directly related to an industrial injury; rather, it is the direct result of the negotiated terms of the collective bargaining agreement. This is why this case should be scheduled for oral argument to allow these issues to be fully analyzed.
Calfee, Halter & Griswold, L.L.P., William L.S. Ross, and Christopher M. Ward, for appellant.
Michael DeWine, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for appellee Industrial Commission.
Stephen E. Mindzak Law Offices, L.L.C., and Stephen E. Mindzak, for appellee Marilynne J. Earles.
Kennedy, J., concurs in the foregoing opinion.